UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RAFAEL GOMEZ-URANGA,<br><br>Petitioner,<br><br>v.<br><br>BRIAN ENGLISH,<br><br>Respondent. | CAUSE NO. 3:26cv539 DRL-SJF |

OPINION AND ORDER

Immigration detainee Rafael Gomez-Uranga filed a *pro se* motion to reconsider under Federal Rule of Civil Procedure 60(b). Given the timing (and substance) of the motion, the court construes it just so. This rule authorizes the court to relieve a party from a final judgment based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; or . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Mr. Gomez-Uranga filed a habeas petition challenging his immigration detention, arguing that he was entitled to release because his removal would not occur within the reasonably foreseeable future. In the amended petition, he attested that he declined to consent to removal to Mexico and told government officials that he would cooperate with removal efforts to any other country. The Warden responded that Mr. Gomez-Uranga's refusal to cooperate with removal efforts precluded the court from finding in his favor,

noting that he had also refused the government's request to put his concerns about removal to Mexico in writing and had refused to sign confirmations that he had received other forms. On July 29, 2026, the court denied the amended habeas petition, finding that Mr. Gomez-Uranga had refused to cooperate with removal efforts, relying on Mr. Gomez-Uranga's undisputed pattern of uncooperative behavior. The court also rejected the argument that the lack of a fear-based interview justified the refusal to cooperate because Mr. Gomez-Uranga had also refused to cooperate with the government's efforts to give him a fear-based interview. In reaching these conclusions, the court also found that Mr. Gomez-Uranga had not shown that signing the notice of removal would have led to his immediate removal and that it appeared that his signature would have only confirmed his receipt of the notice.

In the motion to reconsider, Mr. Gomez-Uranga argues that the court should reconsider the order denying habeas relief in light of the its recent decision in *Hernandez-Chacon v. Warden*, No. 3:26cv885 (N.D. Ind. filed June 17, 2026). He describes this case as strikingly similar, framing the operative inquiry as whether the lack of cooperation actually interferes with the government's ability to remove the detainee and representing that, as in *Hernandez-Chacon*, the Warden never established a causal connection between the notice of removal form and removal efforts to Mexico.

In *Hernandez-Chacon*, the petitioner also argued that he was entitled to habeas relief because his removal would not occur within the reasonably foreseeable future. The Warden responded that the petitioner refused to cooperate with removal efforts by refusing to sign merely the notice of removal. The court granted the habeas petition, finding that the Warden did not explain how refusing to sign the notice of removal frustrated the removal process.

To start, Mr. Gomez-Uranga appears to misunderstand the role that his refusal to sign the notice of removal forms played in his case. The parties in this case and in *Hernandez-Chacon* were both unsuccessful in persuading the court that signing the notice of removal alone plays an essential role in the removal process. Even more puzzling is that Mr. Gomez-Uranga does not acknowledge that his current position on the role of the notice of removal form directly contradicts his prior position. Specifically, in this case, the court rejected Mr. Gomez-Uranga's contention that "[h]ad [he] simply signed the notice, he would have been promptly removed to Mexico without a second thought."

Mr. Gomez-Uranga's case is materially distinguishable from *Hernandez-Chacon* in that his refusal to cooperate extends beyond the mere refusal to sign notices of removal, including the refusal to cooperate with efforts to give him a fear-based interview or to reduce his Mexico-related concerns to writing. Indeed, Mr. Gomez-Uranga had effectively conceded that he had refused and would continue to refuse to cooperate with removal efforts to Mexico in the amended petition. Therefore, the two cases—this one and *Hernandez-Chacon*—are not on the same footing.

Next, Mr. Gomez-Uranga argues that the court should reconsider the order denying habeas relief because, immediately after receiving the order, he informed the government that he was willing to cooperate but that the government has since taken no further action. In the order denying habeas relief, the court adjudicated the legality of Mr. Gomez-Uranga's detention as of July 29, 2026. This new information does not suggest Mr. Gomez-Uranga's detention was illegal as of July 29, 2026. To the extent that Mr. Gomez-Uranga argues that his detention has since become unlawful, he must present such arguments in another case

rather than try to reopen or amend this one. Even if true, that isn't an extraordinary event, but as ordinary as the passing of time.

For these reasons, the court DENIES the motion to reconsider (ECF 20).

SO ORDERED.

October 16, 2026

*s/ Damon R. Leichty*
Judge, United States District Court